**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION**

JAMES K. HEWITT,                                    *

          Petitioner,                              *

                                        CASE NO. 5:09-CV-90044 CAR

vs.                                                          *                28 U.S.C. § 2255

                                        CASE NO. 5:05-CR-66 CAR

UNITED STATES OF AMERICA,                  *

          Respondent.                            *

## REPORT AND RECOMMENDATION

Petitioner's Motion to Vacate, Set Aside, or Correct his Sentence pursuant to 28 U.S.C. § 2255 is before this court for preliminary consideration as required by Rule 4 of the Rules Governing Section 2255 Proceedings For The United States District Courts.

## Procedural History

Petitioner Hewitt was indicted in this Court on August 18, 2005, and charged with Unlawful Transport and Possession of a Firearm by a Convicted Felon in violation of 18 U. S. C. § 922(g)(1) and § 924(e)(1). (Doc. 1). After a failed Motion to Suppress evidence, Petitioner Hewitt entered into a Plea Agreement with the Government on December 19, 2006 (Doc. 38), and pled guilty to the Indictment. (Doc. 39).

Subsequent to the report of a PreSentence Investigation and a hearing of Petitioner's Objections thereto (Doc. 43), Petitioner was sentenced to a term of 188 months imprisonment. (Doc. 44). His conviction and sentence was reduced to Judgment in his case on May 2, 2007. (Doc. 46). Petitioner filed no direct appeal. His Judgment, therefore, became final on May 12, 2007.[1] Hewitt

---

[1]A defendant has 10 days after final judgment is entered to file Notice of Appeal. Fed.R.App.P.4(b)(1)(A). Foregoing proper filing of a Notice of Appeal begins the AEDPA 1 year period of limitation 10 days after judgment is entered in his case. *Clay v. United States,* 537 U.S. 522, 123 S.Ct. 1072 (2003).

filed the Motion To Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 under

consideration on February 4, 2009.  (Doc. 51).   His Motion is outside the AEDPA statute of

limitations as contained in § 2255(f).  However, Petitioner Hewitt contends that the Government

prevented him from timely filing his Motion.  At Section 18 of his Motion To Vacate, Set Aside, or

Correct Sentence pursuant to 28 U.S.C. § 2255, Hewitt states:

> After federal sentencing on 04-26-07 of Case #5:05-CR-66-CAR,
> Movant was sent to Laurens Co. jail to face State charges, and federal
> detainer was lodged on 05-18-07.  On 07-30-07, Movant was sent to
> Dooly Co. to face State charge, and was sentenced on 07-30-07, to
> run concurrently with Federal Sentence.  Movant was returned to
> Laurens Co. on 07-30-07.
> On 08-22-07, Movant was sentenced on charges in Laurens Co. to run
> concurrent with Federal and any State Sentences serving.  On 02-27-
> 08, Movant made last State Court appearance in Tooms Co. and was
> sentenced on last pending charge to run concurrent to any and all
> sentences serving, and returned to Baldwin State Prison on 03-27-08.

In a letter written to the United States Marshall Service in Macon, Georgia on 02-02-09,

Petitioner Hewitt stated:

> I, James K. Hewitt, have been kidnapped, and held hostage by the
> Georgia Department of Corrections.  I was sentenced to 188 months
> in federal prison on 04-26-07, by the Middle District of GA.
> Thereafter sentenced on State charges to run concurrent with my
> Federal sentence. ... I have no other pending charges, nor detainers,
> but have been kidnapped by State of Georgia, and held hostage from
> Federal Officials.  I am requesting help, and rescue from this illegal
> action.

(Doc. 51-2).  Petitioner does not plead that he ever appealed any of his State convictions or that he

has filed any State habeas corpus actions relative to any claim of illegal State incarceration.

## Conclusions of Law

By the terms of 28 U.S.C. § 2255, Petitioner does not appear to have standing to file a

2

Motion To Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 in this court.

He is not a person in federal custody who may bring such an action.

> A prisoner in custody under sentence of a court established by
> Act of Congress claiming the right to be released upon the
> ground that the sentence was imposed in violation of the
> Constitution or laws of the United States, or that the court
> was without jurisdiction to impose such sentence, or that the
> sentence was in excess of the maximum authorized by law, or
> is otherwise subject to collateral attack, may move the court
> which imposed the sentence to vacate, set aside or correct the
> sentence.

Title 28, United States Code, Section 2255 (a).   Assuming Petitioner Hewitt is, however, such a

person who could have filed a Motion to Vacate, unfortunately, he has allowed the AEDPA statute

of limitations to expire.  His judgment of conviction and sentence began to run on May 12, 2007, and

expired on May 11, 2008.  His February 2, 2009, § 2255 Motion was filed eight (8) months too late.

His confusion with his State sentencing did not prevent him from filing either a State habeas corpus

petition or a federal Motion To Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. §

2255.  He presents no extraordinary circumstances, nor has he shown diligence in attending to his

legal situation.

"Equitable tolling can be applied to prevent the application of AEDPA's statutory deadline

when 'extraordinary circumstances' have worked to prevent an otherwise diligent petitioner from

timely filing his petition." *Helton v.Sec'y for Dep't of Corr.,* 259 F.3d 1310, 1312 (11th Cir. 2001).

"A determination as to whether rare and exceptional circumstances are presented requires the

examination of the facts in each case," *Authur v. Allen,* 452 F.3d 1234, 1253 (11th Cir. 2006), and

"[t]he burden of establishing entitlement to this extraordinary remedy plainly rest with the petitioner,"

*Wade v. Battle,* 379 F.3d 1254, 1265 (11th Cir. 2004)(citations omitted).

3

The U.S. Supreme Court held in *Woodford v. Garceau,* 538 U.S. 202, 123 S.Ct. 1398 (2003), that, in separating a collateral attack from other motions for questions of timeliness under the AEDPA, a notice of intent to file, or an application for appointment of counsel, or the equivalent thereof, is not a collateral attack, and therefore does not toll the running of the AEDPA one-year period of limitation. "A filing deadline cannot be complied with, substantially or otherwise by filing late – even one day." *Carlisle v. United States*, 517 U.S. 416, 430, 116 S.Ct. 1460 (1996).

Nonetheless, Petitioner Hewitt is seeking the execution of his Federal sentence, and only in the alternative does he suggest vacating that sentence. He is concluding that his state incarceration, which was run concurrently with his federal sentence, will not be credited to him. That is a matter out the this court's hands. He may well get credit for time served, but that can only be done by the Federal Bureau of Prisons (BOP). Title 18, United States Code, Section 3585 provides:

### Calculation of a term of imprisonment

  **(a) Commencement of sentence.** – A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served.
  **(b) Credit for prior custody.** – A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences
    (1) as a result of the offense for which the sentence was imposed; or
    (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;

that has not been credited against another sentence.

District Courts, however, are not authorized to compute a credit at sentencing. *United States v. Wilson,* 503 U.S. 329, 112 S.Ct. 1351, 1354 (1992); *Castillo v. Federal Correctional Institution of Tallahassee,* 163 Fed. Appx. 803, 804 (11th Cir. 2006). An inmate receives credit for "any time

he has spent in official detention" prior to when he begins serving the federal sentence if that official detention was on account of the "offense for which the sentence was imposed."  18 U.S.C. § 3585(b)(1).  Section 3585 is not ambiguous. It authorizes only the Bureau of Prisons (BOP) to give credit for time an inmate has spent in official detention.  *Pizzichiello v. Director Federal BOP,* 193 Fed. Appx. 907 (11th Cir. 2006).  Petitioner Morton must employ his State habeas corpus rights to challenge his claims of illegal state incarceration, or utilize his administrative procedures with the Bureau of Prisons to have his claim for credit for time served prior to sentencing addressed.  This court is without authority to do so.

**WHEREFORE, IT IS RECOMMENDED** that Petitioner's Motion To Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 be DENIED as failing to state a cause for which this court may grant relief, and as being time-barred.  Pursuant to 28 U.S.C. § 636 (b)(1), Petitioner may serve and file written objections to this Recommendation with the UNITED STATES DISTRICT JUDGE, WITHIN TEN (10) DAYS after being served with a copy hereof.

**SO RECOMMENDED** this 4th day of February 2009.


**S/ G. MALLON FAIRCLOTH**
**UNITED STATES MAGISTRATE JUDGE**